**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0235** (Fayette County 11-F-151)

**Lori F., Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner's appeal, by counsel Thomas K. Fast, arises from the Circuit Court of Fayette County, wherein she was sentenced to a term of incarceration of one to five years following her jury conviction of child neglect creating a risk of injury by order entered on January 20, 2012.[1] The State, by counsel the Office of the Attorney General, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2011, petitioner was indicted on one count of child neglect creating risk of injury. This indictment resulted from an incident in which a minor child in her care played on a busy roadway and was in danger of being hit by a vehicle or falling from a bridge into a creek below. The investigating officer recorded the temperature at fifty degrees Fahrenheit shortly after the child had been found outside wearing nothing but a diaper. Prior to trial, the State filed a motion in limine to exclude evidence of the criminal record of a State's witness, Darrell Sharp II. Mr. Sharp contacted emergency personnel after he saw the child outside unsupervised, and the State sought to limit the introduction of evidence related to a pretrial diversion agreement he had in regard to an unrelated criminal charge. The circuit court ultimately ruled that petitioner could ask Mr. Sharp about his motivation to contact law enforcement because of the pretrial diversion agreement, but did not allow her to ask substantive questions about the underlying criminal charge. Following a jury trial, petitioner was found guilty of one count of child neglect creating risk of injury and was sentenced to a term of incarceration of one to five years. This sentence was suspended in lieu of ten days served in the Southern Regional Jail, twelve months in the Fayette County Community Corrections Program, a six-month period of monitoring by the West Virginia

---

[1] In keeping with the Court's policy of protecting the identity of minors that are subject to abuse and/or neglect, petitioner will be referred to by her last initial throughout the memorandum decision.

Department of Health and Human Resources ("DHHR"), participation in counseling and parenting classes, and registration as a child abuser for a period of ten years.

On appeal, petitioner alleges three assignments of error. First, petitioner alleges that the circuit court erred in instructing the jury as to gross neglect, an essential element of the crime charged. Petitioner argues that, according to West Virginia Code § 61-8D-4(e), the State was required to show that she grossly neglected the child in question. Petitioner submitted proposed jury instructions on this issue, but the same were rejected, and the circuit court further declined to include language regarding intent in its instruction. Second, petitioner argues that the circuit court erred in failing to give a limiting instruction regarding neglect substantiated by the DHHR. During its case-in-chief, the State called a Child Protective Services ("CPS") worker to testify that neglect was substantiated in petitioner's home due to a lack of supervision. Petitioner moved for a limiting instruction stating that the DHHR's conclusion of substantiated neglect does not equate to criminal neglect. According to petitioner, the circuit court deferred ruling until the instruction stage. However, no limiting instruction was ever given. Petitioner argues that this Court has held that "[a] limiting instruction should be given at the time the evidence is offered . . . ." Syl. Pt. 2, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994). Lastly, petitioner argues that the circuit court unduly restricted her ability to properly cross-examine Mr. Sharp by instructing that she could not inquire as to the crime underlying his pretrial diversion agreement. As such, petitioner argues that she was denied the right to confront an accuser and that the jury was not able to fully judge the witness's credibility

We have previously held that

> "A trial court's refusal to give a requested instruction is reversible error only if: (1) the instruction is a correct statement of the law; (2) it is not substantially covered in the charge actually given to the jury; and (3) it concerns an important point in the trial so that the failure to give it seriously impairs a defendant's ability to effectively present a given defense." Syl. pt. 11, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994).

Syl. Pt. 5, *State v. Surbaugh*, 230 W.Va. 212, 737 S.E.2d 240 (2012). Upon our review, we find that the circuit court did not err in rejecting petitioner's proposed instruction because West Virginia Code § 61-8D-4(e) does not contain an intent requirement and petitioner's instruction was not an accurate reflection of the law. The circuit court did state in its charge to the jury that petitioner had to be guilty of gross neglect and that "[i]t is not sufficient for the State to prove simple neglect or ordinary neglect." In short, the jury was instructed that gross neglect is an essential element of the crime. There is no requirement, however, that the circuit court had to define such a common term. As such, we find no error in this regard.

As to petitioner's second assignment of error, we find no error in the circuit court denying a limiting instruction as to the CPS worker's testimony about substantiated neglect in the home. To begin, the syllabus point upon which petitioner relies to argue that limiting instructions must be given at the time the evidence is introduced applies only to evidence introduced under Rule 404(b) of the West Virginia Rules of Evidence. Further, the record indicates that after petitioner

2

requested the limiting instruction during the witness's testimony, the circuit court decided to hold its ruling in abeyance until the instruction phase of trial, to which petitioner did not object. The record further shows that petitioner failed to submit any proposed limiting instruction in regard to this witness's testimony. In fact, when the circuit court reviewed the charge with the parties, petitioner's counsel affirmed that there was no objection to the charge, other than the issue regarding gross neglect as addressed above. As such, we find no error by the circuit court in failing to give the jury any limiting instruction related to this testimony.

Lastly, the Court finds no error in regard to the circuit court limiting the scope of petitioner's cross-examination of Mr. Sharp and the charge of child abuse that resulted in his pretrial diversion agreement. We have previously held that

> "[s]everal basic rules exist as to cross-examination of a witness. The first is that the scope of cross-examination is coextensive with, and limited by, the material evidence given on direct examination. The second is that a witness may also be cross-examined about matters affecting his credibility. The term "credibility" includes the interest and bias of the witness, inconsistent statements made by the witness and to a certain extent the witness' character. The third rule is that the trial judge has discretion as to the extent of cross-examination." Syllabus Point 4, *State v. Richey*, 171 W.Va. 342, 298 S.E.2d 879 (1982).

Syl. Pt. 1, *State v. Barnett*, 226 W.Va. 422, 701 S.E.2d 460 (2010). Upon our review, we find that the crime with which Mr. Sharp was charged was simply not relevant to any issue before the circuit court and was totally unrelated to petitioner's crime. Petitioner argues that she was not allowed to impeach the witness by addressing the pretrial diversion agreement, but Rule 609(a)(2) of the West Virginia Rules of Evidence requires conviction before a witness may be impeached with a prior criminal act. Simply put, there was no criminal conviction with which to impeach the witness. Further, it is clear Mr. Sharp was not motivated to testify against petitioner in order to avoid prosecution because he entered the pretrial diversion agreement prior to the date he reported petitioner's conduct and the agreement was fully discharged prior to his testimony. The agreement did not call for Mr. Sharp to testify in any matters and he therefore had no need to "get in good with the police." For these reasons, the Court finds no error in limiting the scope of petitioner's cross-examination in this regard.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II